UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

PAUL HAINES

    Plaintiff,

v.

TESLA, INC.,
a Foreign Profit Corporation

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, PAUL HAINES ("Haines or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, TESLA, INC. ("TESLA" or "Defendant"), a Foreign Profit Corporation, for unpaid overtime compensation and retaliation and hereby states as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover from Defendant overtime compensation, an additional equal amount as liquidated damages, actual and compensatory damages, including front pay and back pay, declaratory and injunctive relief, and reasonable

attorneys' fees and costs.

2. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Merrit Island, Florida (Brevard County).

## PARTIES AND FLSA COVERAGE

3. At all times material hereto, Plaintiff was a resident of Brevard County, Florida.

4. At all times material hereto, Defendant, "TESLA" was and continues to be, a Foreign Profit Corporation located in Merrit Island, Brevard County, Florida, and continues to be engaged in business in Brevard County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

2

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continue to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, individually, and jointly were and are in excess of $500,000.00 *per annum* during the relevant time periods.

12. At all times relevant hereto, Defendant was and is primarily engaged in electric automotive manufacturing, sales, and service industry in, among other places, Brevard County, Florida.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Service Technicians/Mechanics such as Plaintiff.

## STATEMENT OF FACTS

15. Plaintiff worked as a salary paid Service Technician/Mechanic for

Defendant from January 4, 2021, until his constructive discharge on or about October 4, 2021.

16. In exchange for his services, Plaintiff was paid an hourly rate of $23.20 per hour.

17. Plaintiff had no authority to hire or fire employees of Defendant.

18. Plaintiff had no authority to discipline employees of Defendant.

19. Plaintiff had no authority to set rates of pay for other employees or agents of Defendant.

20. Plaintiff had no input into performance reviews of other employees or agents of Defendant.

21. Plaintiff was closely supervised by Defendant's managers and supervisors.

22. Plaintiff followed procedures established by Defendant and did exactly as he was instructed to do.

23. Plaintiff did not have the right to control how to perform his job.

24. Plaintiff did not have an opportunity for profit or loss depending on his skill.

25. Plaintiff's work for Defendants constituted an essential part of Defendant's business.

26. Throughout Plaintiff's employment, Defendant's regularly required Plaintiff to work in excess of forty (40) hours per week.

27. However, Defendant regularly required Plaintiff to work "off the clock," usually before the beginning of his shifts and after the end of same.

28. Specifically, before his shifts began, TESLA required Mr. Haines to, among other things, check its online platform for upcoming appointments that day, verify routes for logistics efficiency, and research repair procedures, none of which he was paid for.

29. Similarly, at the end of each shift, TESLA required Mr. Haines to check its online platform for upcoming appointments for the next day, verify routes for logistics efficiency, and research repair procedures, none of which he was paid for.

30. Plaintiff regularly worked an average of forty-three (43) hours per week for Defendant during his employment with Defendant.

31. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

32. Instead, Defendant elected to pay Plaintiff nothing at all for several overtime hours worked.

33. Plaintiff should have been compensated at the rate of one-and-one-half

times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

34. Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

35. Plaintiff was not exempt from entitlement to overtime wages under the FLSA and should have been paid his full and proper overtime compensation.

36. Throughout his employment, Plaintiff objected to TESLA management, that Defendant was unlawfully deducting wages from his paychecks by requiring him to do "off the clock" work.

37. Furthermore, if Mr. Haines failed to do enough "off the clock" work, his Associate Service Manager, Nick Horton ("Mr. Horton"), chastised him for same and threatened his employment.

38. Accordingly, in early October 2021, Mr. Horton had a one-on-one meeting with Mr. Haines where the former demanded that Plaintiff accomplish more work off the clock.

39. At this point, Mr. Haines objected that Defendant's pay practices were illegal under the FLSA.

40. Plaintiff's objection is considered "protected activity" as defined by 29 U.S.C 215(a)(3) of the FLSA.

41. Mr. Horton ignored Mr. Haines' objections and reinforced the tact that off the clock work was indeed a condition of Plaintiff's employment at Tesla.

42. Mr. Horton went as far as to send an e-mail to Mr. Haines, specifically stating that TESLA expects him to work "off the clock" to accomplish certain work-related tasks.

43. Furthermore, in retaliation for his objections, Mr. Horton issued Plaintiff a retaliatory write-up.

44. By this point, Mr. Haines realized that his objections to Defendant's unlawful pay practices only served to place a retaliatory target on his back.

45. On October 4, 2021, Mr. Haines resigned from his employment as he was not receiving proper payment, and refused to participate in such a patently unlawful enterprise any further.

46. Any reasonable person in Mr. Haines' situation would have similarly felt compelled to resign from her position.

47. Defendant constructively discharged Plaintiff for engaging in protected activity under the FLSA.

48. The proximity between the time Plaintiff complained about the illegal conduct at issue, and the constructive discharged is extremely short.  Therefore, there is a sufficient nexus of time between the protected activity and the termination.

49. Defendant's stated reason(s) for constructively discharging Plaintiff were pretextual and not based upon any legitimate issue.

50. Defendant constructively discharged Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA.

51. Plaintiff has been damaged as a result of Defendants' retaliation and termination of his employment.

52. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

53. Defendants' violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    (c) Defendant failed to maintain proper time records as mandated by the FLSA.

54. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

55. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

56. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

57. Based on the allegations in Paragraphs 54-56, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

58. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

59.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

60.     Plaintiff reincorporates and re-alleges paragraphs 1 through 58 of the Complaint as though fully set forth herein, and further alleges as follows:

61.     Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

62.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

63.     Plaintiff was not an exempt employee as defined by the FLSA.

64.     Plaintiff was not an independent contractor and was instead an employee of Defendant.

65.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

66.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a.    Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c.    Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Award Plaintiff pre-judgment interest; and

    f.    Award Plaintiff any other and further relief that this Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

67. Plaintiff reincorporates and re-alleges Paragraphs 1 through 58 of the Complaint as though set forth fully herein, and further alleges as follows:

68. Plaintiff objected to Defendant's illegal pay practices, and asserted violations of the FLSA.

69. Later that very same day, Defendant illegally constructively discharged Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

70. In retaliation, Defendant constructively discharged Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, and because of his other objections to Defendant's violations of the FLSA.

71. Mr. Haine's employment was constructively discharged by TESLA on October 4, 2021. Plaintiff was constructively discharged for no other reason than his objections to Defendant's illegal pay practices, which he had directed specifically to Mr. Horton.

72. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

73. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

74. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to

vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 3rd day of March 2022.

Respectfully submitted,

**By: /s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324

                    Telephone: (866) 344-9243
                    Facsimile: (954) 337-2771
                    E-mail: noah@floridaovertimelawyer.com
                    *Trial Counsel for Plaintiff*